IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. DUSTIN, | No. 2:11-CV-2375-LKK-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| R. LOPEZ, et al., | |
|     Respondents. | |
|                               / | |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 17).

        Respondent argues, among other things, that the instant petition must be dismissed as second of successive.  The court agrees.  Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed."  Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist.  Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been

discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990). Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits because the possibility of returning to court following exhaustion exists and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). The dismissal of a petition as untimely, however, does constitute a decision on the merits because such a dismissal is a determination that the claims will not be considered. See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009). Likewise, the denial of a petition on procedural default grounds is also a determination on the merits. See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard, 905 F.2d at 1322-23, and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

Petitioner filed a prior federal petition in 2000, Dustin v. Galaza, 2:00-CV-0109-WBS-JFM-P.[1] That petition was denied as untimely and the Ninth Circuit Court of Appeals

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S.,

1  declined to issue a certificate of appealability.  As respondents note, the instant petition consists
2  of 111 hand-written and typed pages and it is difficult to ascertain the specific claims petitioner is
3  asserting.  To the extent petitioner seeks to raise claims which were raised in the prior petition,
4  the current petition is successive under § 2244(b)(1).  To the extent petitioner seeks to raise new
5  claims, the current petition is successive under § 2244(b)(2).  In either instance, the current
6  petition must be dismissed.[2]

7  Based on the foregoing, the undersigned recommends that respondents' motion to
8  dismiss (Doc. 17) be granted and that all other pending motions (Docs. 20 and 24) be denied as
9  moot.

10  These findings and recommendations are submitted to the United States District
11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
12  after being served with these findings and recommendations, any party may file written
13  objections with the court.  Responses to objections shall be filed within 14 days after service of
14  objections.  Failure to file objections within the specified time may waive the right to appeal.
15  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 27, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

378 F.2d 906, 909 (9th Cir. 1967).

[2]  In the latter instance, petitioner may be able to present claims in a second petition if he first obtains leave from the Court of Appeals.